JUDGE HARDIN
delivered the opinion oe the court.
On the 6th day of August, 1861, Samuel Tully sold and conveyed to A. M. Phillips a tract of fifty acres of land for eight hundred dollars, for which he took the notes of Phillips, as follows: for seventy-five dollars, payable December 25, 1861; seventy-five dollars, payable December 25, 1862; one hundred and fifty dollars, payable December 25, 1861; one hundred and fifty dollars, payable December 25, 1862; one hundred and fifty dollars, payable December 25, 1863; and two hundred dollars, payable December 25, 1864. The first of these notes was assigned by Tully to E. H. Smith, and the second to Daniel I-Cinman, and he assigned the other four notes to W. B. Coleman, August 7, 1861. On the 27th day of February, 1863, Alfred Bickers, as executor of Coleman, who had died, brought a suit in equity against Phillips, Kinman, and Smith for enforcing the vendor’s lien and a sale of the land to pay the debts; and in that suit he realized by the sale of the land as of date the 11th of July, 1864, three hundred and eighty-seven dollars. Phillips in the mean time had become insolvent and a non-resident, having removed to the state of Illinois in the spring of 1865.
Tully having died, a suit was prosecuted by his administrator for a settlement of his estate, and Coleman’s executor, being made a party, preferred his claim against Tully’s estate for the balance of the notes of Phillips founded on the assignments to Coleman. And a commissioner to whom the cause was referred reported a balance due to Coleman’s executor of three hundred and seventy dollars and forty cents, the payment of which was resisted on the ground that Tully’s estate *74 was released from liability on his assignments by the failure of Coleman’s executor to prosecute the claims against Phillips with due diligence. And upon exceptions to the commissioner’s report the court rejected the claim, adjudging that, Coleman’s executor having collected of Phillips by the sale of the land a sum equal to the amount of all the notes on which due and proper diligence was used in proceeding against Phillips, Tully’s estate was released from all liability implied by his assignments of the notes. Coleman’s executor now seeks a reversal of the judgment.
It is conceded that the appellant did not use proper diligence to recover on the note of one hundred and fifty dollars which became due on the 25th of December, 1861; but as to the note for a like sum payable one year thereafter, it does not appear that by any vigilance he could have obtained a personal judgment thereon sooner than he did — on the 30th of May, 1863 — nor does there appear to have been a want of diligence in suing out an execution on the judgment, which was done on the 10th of June, 1863. And as Phillips became a non-resident before the maturity of the remaining notes of one hundred and fifty dollars, payable December 25, 1863, and two hundred dollars, payable December 25, 1864, so that a personal judgment on either of them could not be obtained, due diligence was used by the appellant in proceeding on those notes by amended pleading in the suit for the sale of the land, that being the only estate of Phillips within the reach of the process of the court. (Clay v. Johnson, &c., 6 Monroe, 644; Wood v. Berthoud, 4 J. J. Marsh. 303.) It seems to us therefore that the appellant’s claims should not have been rejected on the ground that proper diligence had not been used in pursuit of his remedies against Phillips, so far as those claims were founded on the assignment of the notes of one hundred and fifty dollars, due December 25, 1862; one hundred and fifty dollars, due December 25, 1863; and *75 two hundred dollars, due December 25, 1864; and as these amounted to more than the sum of three hundred and eighty-seven dollars collected in the suit against Phillips, it results that the court erred in rejecting the entire claim.
But it is insisted for the appellant that although there was a failure to proceed with diligence on the note for one hundred and fifty dollars which first became due, as a larger amount was recovered by the sale of the land, that note should be treated as satisfied rather than a like amount of the other debts. But we conceive the correct rule to be precisely the reverse. To enable the appellant to recover on the implied contract resulting from the assignment of each particular note he should have prosecuted all his remedies against the debtor, legal and equitable, with reasonable diligence; and having failed to do so as to one of the notes, it would not have been just or equitable to allow him to shift the loss consequent on his own laches, on the estate of his assignor by first applying to that debt for which the estate was not liable the funds which would discharge a like amount for which it was liable. We therefore concur in the conclusion of the court below as to the note for one hundred and fifty dollars, due December 25, 1861.
No error is perceived in the adjustment of the land transactions between Tully and Chipman.
But for the error indicated the judgment is reversed, and the cause remanded for a judgment not inconsistent with the principles of this opinion.